Mr. Frank R. Hash 306 Ruth Avenue El Dorado, Arkansas 71730
Dear Mr. Hash:
This is in response to your request, pursuant to the provisions of A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records at the Department of Community Punishment to deny your request to inspect and copy the performance evaluations of several current employees of the Department is consistent with the provisions of the Arkansas Freedom of Information Act, ("FOIA").
It is my opinion, assuming that none of the employees in question have been suspended or terminated, that the custodian's decision is correct. Performance evaluations are not subject to public inspection and copying unless there has been a suspension or termination of the employee in question.
The FOIA provides, with respect to the release of "employee evaluation or job performance records," that such records:
 shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1) (Supp. 1995).
"Employee evaluation or job performance records" are not subject to inspection and copying under the FOIA unless the employee has been suspended or terminated and all of the other factors above are present.
It has been stated that:
 The exemption for evaluation records reflects the public interest in maintaining an effective public employee evaluation system as well as the privacy interest of employees. Without an exemption for such records, supervisory personnel who perform the evaluations may not be candid in assessing employee performance. Also, routine disclosure of the records could undermine one important objective of the evaluation process — identification of weaknesses with an eye toward fostering improvement — by revealing an employee's deficiencies before he has an opportunity to correct them. . . . These requirements are designed to ensure that evaluation records are not released prematurely and that disclosure will be made only when the records are relevant to employee performance deficient enough to merit suspension or termination.
Watkins, The Arkansas Freedom of Information Act (mm Press, 2d Ed. 1994), at 131, 133.
In my opinion, therefore, if the employees in question have been neither suspended nor terminated, their performance evaluations are not subject to inspection and copying under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh